IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOEY DEAL,

    Petitioner,

v.                                                    Civ. No.  08-439 JH/RLP

ANTHONY ROMERO, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This proceeding is brought pursuant to 28 U.S.C. § 2254.  After a jury trial Petitioner was convicted of 31 counts of Criminal Sexual Penetration in the second and third degree; 10 counts of Criminal sexual contact of a minor; one count of intimidation of a witness; one count of child abuse; and 36 counts of incest.  All but 60 years of his sentence were suspended.  Answer [Doc. 13], Exhibit B thereto.

    2.    Petitioner raises many grounds for relief in his petition and amended petition and Respondent concedes exhaustion to all but three grounds.  Upon receiving Respondent's Answer, Petitioner requested leave to file a Motion to Dismiss the unexhausted claims.  That request was granted by this Court and Petitioner subsequently filed his Motion to Dismiss [Doc. 19].  He did not identify the specific grounds but requested the Court to dismiss all of his unexhausted claims.  The claims the Respondent and the Court have identified as unexhausted are (1) a conflict of interest between appointed

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

counsel and the State Public Defender's Office; (2) a due process violation when the State failed to respond to Petitioner's second state habeas petition; and (3) errors in the jury instructions (raised in Petitioner's amended federal habeas petition, Doc. 11).  This Court recommends that these three issues be dismissed without prejudice and will now proceed to the merits of the remaining claims.

      3.      Briefly stated, Petitioner's daughter, Jennifer Deal, reported several instances of incest alleged to have occurred between January, 1998 and March, 2001.  During part of that time Petitioner and his wife, were involved in divorce proceedings and an acrimonious custody dispute.  Petitioner was arrested and charged.  He claims that Jennifer later recanted to Petitioner's mother, Shirley Deal.  Petitioner also claims that had his court-appointed counsel interviewed Petitioner's son, Jesse, would have stated that he saw no inappropriate contact on those occasions he and his sister were with Petitioner.

      4.      After conviction, Petitioner filed a direct appeal raising two issues: (1) the victim''s testimony was contradicted by Shirley Deal's testimony that Jennifer said she had made up the allegations; and (2) there was no physical evidence of sexual abuse.  Exhibit C.  The conviction was affirmed, Exhibit F, and the petition for writ of certiorari, Exhibit G, was denied.  Exhibit H.

      5.      Petitioner filed a petition for writ of habeas corpus in state court, Exhibit J, raising claims of ineffective assistance of trial counsel on two grounds: (1) failure to investigate and interview alibi witnesses; and (2) failure to file pretrial motions. Petitioner

alleged ineffective assistance of appellate counsel for his failure to appeal three issues: (1) whether the trial court abused its discretion in allowing Petitioner's taped confession to be presented to the jury; (2) whether the charging period was so overly broad that it denied Petitioner due process of law; and (3) whether the prosecution was vindictive when it added 37 counts of incest after Petitioner refused to accept a plea.

6. In his amended state habeas petition, Exhibit K, Petitioner added the following allegations against trial counsel: (1) the failure to suppress Petitioner's confession; (2) failure to obtain statements of witnesses; and (3) the failure to argue double jeopardy when duplicative charging counts were added. He also added a separate claim of vindictive prosecution based on the added counts of incest.

7. The state court appointed counsel, held an evidentiary hearing, and issued its Order Denying Petition for Writ of Habeas Corpus on July 12, 2007. Exhibit N. Petitioner's appointed counsel then filed a petition for writ of certiorari, Exhibit O. Respondents filed a response. Exhibit P. The New Mexico Supreme Court denied the petition. Exhibit Q.

8. Petitioner then filed a second petition for writ of habeas corpus. Exhibit R. He raised the following grounds: (1) the State failed to turn over exculpatory materials to the defense (the taped statements of the victim, her mother, and grandmother, and the "screening" done by the District Attorney; (2) ineffective assistance of counsel for failing to (i) investigate the motive and bias of the victim's allegations; (ii) file a motion to introduce

3

the victim's sexual history at the trial; (iii) obtain witness statements obtained by the state; and (iv) move to suppress Petitioner's involuntary statement to police; (3) the conviction was obtained by the knowing use of perjured testimony; (4) ineffective assistance of appellate counsel for (i) failing to raise meritorious issues on appeal; (5) insufficient evidence to "support all but possibly three (3) of the eighty-four (84) counts charged;" and insufficient evidence to support multiple counts of CSP.

9. The state court issued its Order Denying Second Petition for Writ of Habeas Corpus, Exhibit S. Petitioner filed a petition for writ of certiorari, Exhibit T, which was denied. Exhibit U.

10. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

11. The AEDPA also mandates that factual findings made by a state trial or

appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

12. The Court will break down Petitioner''s claims into the categories as they were addressed by the state trial court in collateral proceedings, starting with ineffective assistance of trial and appellate counsel. Supreme Court precedent in this area is clearly established; it requires proof "that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *cert. denied*, 528 U.S. 1167 (2000).

13. Petitioner argued that counsel was ineffective for failing to investigate and interview his alibi witnesses. The state trial judge addressed this claim in his Order Denying Petition for Writ of Habeas Corpus and found that all of the claimed alibi witnesses, except one, had given statements prior to trial or testified at trial. Exhibit N at 2. The one witness who was not interviewed was Jeremy Deal, Petitioner's brother.[2] As stated by the trial court, "Petitioner does not present affidavit evidence of what Jeremy Deal's testimony actually would have been." *Id.* at 2-3. So, too, here. Petitioner fails to show how the testimony of these witnesses would have changed the outcome of the trial.

---

[2] In his federal habeas petition, Petitioner claims counsel failed to interview Jesse Deal, Petitioner's son, who would have testified as to no inappropriate conduct. This statement is belied by the trial court's statement that "Jesse Deal testified at trial and did not 'support Petitioner's proclamations of innocence' as Petitioner claims Jesse would have on page five of his Petition." Exhibit N at 2.

5

14.     Petitioner faults counsel for failing to file a motion to suppress his videotaped confession because, he claims, it was taken in violation of his Sixth Amendment right to counsel.  The state court judge noted that counsel did not think that Petitioner had invoked his right to counsel and therefore did not think a sufficient legal basis existed for the motion. *Id.* at 3.  The trial court found, after reviewing the videotape, that "counsel's decision to forego a motion to suppress in this case cannot be said to fall below an objective standard of reasonableness." *Id.* at 4.  The court further noted that counsel attempted to find an expert to testify as to false confessions, but the expert found no basis for challenging the statement for lack of voluntariness. *Id.*

15.     Petitioner's next argument is that counsel should have moved to dismiss charges under *State v. Baldonado*, 955 P.2d 214 (N.M. 1998).  This is a Fourteenth Amendment argument; Petitioner claims that the charges against him were multiple and undifferentiated.  As stated by the trial court: "By the time the State filed its Third Amended Criminal Information on May 26, 2002, the State was charging eighteen counts of second degree criminal sexual penetration within a time period of eighteen months, reduced from an original allegation of twenty nine counts in a thirty eight months time period." <u>Exhibit N</u> at 5. The court noted that the State was charging a continuous course of conduct, rather than discrete events and the time period was based on Petitioner's own testimony. *Id*. The court concluded that counsel's failure to forego a *Baldonado* motion did not fall below an objective standard of reasonableness.  Petitioner offers nothing more in his federal petition

6

for this Court to make a determination that the state court's ruling was an unreasonable application of *Strickland*.

16.     Petitioner argues that counsel failed to obtain a copy of the video taped statements made to law enforcement officers by various witnesses, including the victim. The trial court found this to be error, but noted that since Petitioner was now in possession of the tape and still failed to say how the failure to obtain the tape prejudiced his defense, he had failed to carry "his burden of showing that there is a reasonable probability that Petitioner would have been acquitted had [counsel] procured the tape prior to trial." Exhibit N at 6.  Petitioner adds nothing to this claim in his federal petition.

17.     Petitioner claims prosecutorial vindictiveness for the state's filing 36 additional charges of incest after he refused to take a plea agreement.  The evidence adduced at the habeas hearing was that the state told Petitioner's counsel they had decided to add the charges prior to Petitioner's having decided to reject the plea offer and therefore counsel did not think he had sufficient evidence to file a motion alleging prosecutorial vindictiveness.

18.     ""To prove prosecutorial vindictiveness, the defendant must prove either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States Sarracino*, 340 F.3d 1148, 1177 (10th Cir. 2003), *cert. denied sub nom.*, *Cheresposy v. United States*, 540 U.S. 1131 (2004). Moreover, "vindictiveness may not be presumed." *Id*.  "Although the government may not punish a defendant for exercising constitutional or statutory rights in the course of criminal

7

proceedings, it may punish him for violating the law." *United States v. Ward*, 182 Fed. Appx. 779, 788 (10th Cir.) (citations omitted), *cert. denied*, -- U.S.--, 127 S.Ct. 422 (2006). Petitioner has presented no facts to the Court to create a presumption of vindictiveness, and therefore counsel was not ineffective for failing to file a motion.

19. Petitioner argues that counsel should have sought a medical examination for the victim to determine her virginity and, in the event she was not a virgin, he should have asked for a rape kit to be performed. At the state hearing, counsel stated that a medical examination was performed indicating the victim had been sexually active and, because this examination was several months after the molestations complained of, he didn't think a rape kit would yield information helpful to the defendant. Exhibit N at 7. This Court agrees with the trial court that counsel's decision was neither unreasonable, nor caused prejudice to the Petitioner.

20. Petitioner argues that counsel was ineffective for not raising in the docketing statement (for the direct appeal) that Petitioner's girlfriend, Sherrie Crown, should have testified at trial as an alibi witness. Because this issue went to counsel's representation, Petitioner's counsel said it was more suitable for a habeas proceeding than a direct appeal. Exhibit N at 7. The trial court found that the failure to include this issue in the docketing statement was not prejudicial to Petitioner. *Id*. In any event, the trial court had previously noted that Ms. Crown was interviewed by counsel and "because [she] had no personal knowledge about the events of which Petitioner was charged and could offer no meaningful

8

alibi testimony, her testimony would not be helpful to Petitioner's defense." *Id.* at 2. Accordingly, this claim fails under either prong of *Strickland*.

21.     Finally, as against appellate counsel, Petitioner states he was ineffective for his failure to raise three issues on appeal: (1) the admissibility of Petitioner's confession; (2) the legality of the State's charging document; and (3) prosecutorial vindictiveness. The trial court determined that these issues were, in fact, about the claimed ineffectiveness of trial counsel.  Therefore, the court concluded, the issues were more appropriately raised in a collateral proceeding and not on direct review.  Accordingly, appellate counsel could not be deemed ineffective.  And because the court determined that trial counsel was not ineffective in his performance on these issues, the claim against appellate counsel necessarily fails.

22.     In Petitioner's Second Petition for Writ of Habeas Corpus filed in state court, he raised additional issues not raised in the first petition.  The state court's Order Denying Second Petition for Writ of Habeas Corpus, Exhibit S, addresses those claims, which are also raised in the federal habeas petition.  Petitioner first argues that the state's failure to produce the videotaped interview of Sharon Deal, Petitioner's estranged wife, and Jacky Deal, Petitioner's stepmother, to Petitioner's counsel violated *Brady v. Maryland*, 373 U.S. 83 (1963).  The trial court found that Petitioner's *Brady* claim failed "because he has since obtained a copy of the video tape and has not explained how the interview constitutes exculpatory evidence or has impeachment value." Exhibit S at 2.

23. As stated by the Supreme Court in *Strickler v. Greene*, 527 U.S. 263 (1999), a *Brady* claim has three components:

> The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

*Id*. at 282-83.

24. The trial court correctly stated the *Brady* standard in its opinion and Petitioner in this Court also fails to show how the video tape caused prejudice. As another component of his *Brady* claim, Petitioner argues that the State failed to produce the "screening" done at the District Attorney's office. The trial court stated that the "screening" was a single page document indicating that the case was evaluated (or "screened") for prosecution and did not contain exculpatory evidence. Petitioner offers nothing extra to this claim and therefore this Court finds that the *Brady* claim is without merit.

25. Petitioner asserted additional grounds for a claim of ineffective assistance of counsel. First, he raised counsel's failure to conduct a pretrial investigation into the victim's "'potential bias,'" "'ulterior motive'" or "'fabrication of the allegations." Exhibit S at 2-3. As the trial court noted, this claim was not prejudicial to Petitioner because he had "admitted to sexual activity with the victim in a statement prior to trial." *Id*. at 3. The claim of ineffective assistance based on counsel's failure to assert a *Brady* claim necessarily fails because there was no *Brady* violation. Petitioner''s claim that counsel failed to perfect an

appeal fails because the case was appealed.  Finally, Petitioner's claim of ineffective assistance because counsel's docketing statement listed medical personnel as witnesses for the State when there were no such witnesses is without merit because Petitioner failed to show how this inclusion was prejudicial to him.  The trial court''s findings are in accord with the standard set forth in *Strickland* and this Court finds that Petitioner's additional claims of ineffective assistance of counsel are without merit.

26.	Petitioner raised, again, the issue of his allegedly involuntary statement to the police.  *See, supra*, ¶ 14.  The trial court

> reviewed the audio-video tape of the Petitioner's statement as well as the transcript of the statement and in particular those portions of the interview to which the Petitioner ascribes error. Considering the totality of the circumstances as this Court must, Petitioner made his statement voluntarily because Detective Truby cannot be said to have coerced Petitioner into confessing. . . . Detective Truby did not mention the punishment provided by law for the crimes under investigation so the Petitioner cannot have inferred a promise of leniency concerning the Petitione''s possible punishment in exchange for a confession.  The taped interview (at page 41 of the transcript) does not support Petitioner's claim that he was unable to leave the interview.  Detective Truby employed a number of tactics to induce the Petitioner to speak honestly about his relationship with his daughter, but Petitioner's will was not overborne by the Detective nor was Petitioner's capacity for self determination critically impaired. [Citations omitted.] The mere assertion that Detective Truby "spoon fed" the statement to Petitioner does not prove coercion.
>
> That the victim's testimony at trial contradicted, in some respects, admissions made by the Petitioner in the interview does not render Petitioner's statement involuntary.  Nor does it render the Petitioner's statement false as a matter of law as

> Petitioner now urges.  It was the jury's job to judge the facts and decide which statements were false.

Exhibit S at 4-5.

27.     "[T]he Fourteenth Amendment forbids the use of involuntary confessions . . . ." *Clanton v. Cooper*, 129 F.3d 1147, 1157 (10th Cir. 1997) (quoting *Jackson v. Denno*, 378 U.S. 368, 385 (1964)).  In Petitioner's Proposed Findings of Fact and Conclusions of Law, submitted to the state court for the hearing for the first habeas petition, he states:

> On March 16, 2001 the San Juan County Sheriff's Office conducted a custodial interrogation of Mr. Deal. . . .During the interrogation the officer told Mr. Deal "one of the other things I noticed in the court system is that uh, the system is gonna appreciate honesty."  Throughout the interrogation the officer continually uses the allusion of "climbing a mountain" in order to get Mr. Deal to confess."

Exhibit L, ¶¶ 12, 15-16.

28.     Petitioner has added nothing that contradicts the state court''s findings, which are entitled to a "presumption of correctness" under § 2254(e)(1).  Accordingly, this claim fails.

29.     Before the state court, Petitioner alleged that his conviction was obtained by the knowing use of perjured testimony from Jennifer Deal and Detective Truby.  The court rejected these claims because Petitioner did not identify the allegedly perjured testimony. Exhibit S at 5.  In his federal application, Petitioner alleges that the victim changed her story several times as to her age and when and where the incidents occurred.  He also states that Detective Truby knew she changed her "story" and still allowed it.  If in fact, Ms. Deal's

12

"story" changed, that was a matter of credibility for the jury to determine. Petitioner does not provide any evidence of perjured testimony and therefore this claim fails.

30. Petitioner argued ineffective assistance of appellate counsel for counsel's failure to raise on appeal (1) insufficient evidence to convict; (2) trial counsel's failure to move to suppress his confession; and (3) prosecutorial misconduct (the *Brady* claim). The trial court rejected these arguments because appellate counsel did raise the insufficiency of evidence on direct appeal and the other two claims were more appropriate on collateral review. This Court agrees. The direct appeal is discuss *infra*, ¶¶ 33-36. The issue of suppression of Petitioner's confession is discussed *supra*, ¶¶ 14; 26-28. Prosecutorial misconduct is discussed *supra*, ¶¶ 22-24.

31. Finally, Petitioner argued there was insufficient evidence to support his convictions for 12 counts of 2nd degree CSP, 19 counts of 3rd degree CSP, and 10 counts of 3rd degree criminal sexual contact of a minor. The trial court rejected this argument, stating that "both the Petitioner and the victim testified at trial and their testimony constituted competent, non-circumstantial evidence from which the jury could reach a legally valid verdict. The jury's verdict was not the result of insufficient evidence, it was that the jury did not believe the Petitioner's testimony." Exhibit S at 6.

32. The constitutional standard for claims of insufficiency of the evidence is well-established: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  In his federal application, Petitioner states: "Petitioner was found guilty by [the victim's] testimony saying that the alleged crime happened a lot or over 100 times."  <u>Petition</u> [Doc. 1] at 10.  He indicates that the victim was not to be believed because she couldn't recall every instance, how old she was on every incident, or where every incident happened.  Because Petitioner also testified at trial, I agree with the trial court that the issue is not the sufficiency of the evidence, but rather the credibility of the victim and Petitioner.

33. Petitioner raised two issues on direct appeal: whether the evidence was sufficient to convict him because two witnesses' testimony contradicted each other; and whether circumstantial evidence was sufficient to support a conviction.  In its Memorandum Opinion, the New Mexico Court of Appeals stated:

> Defendant continues to argue that the jury should not have found him guilty because Shirley Deal testified that [the victim] told a group of relatives that none of the crimes had happened.

Memorandum Opinion, Exhibit F, at 1.

34. The Court of Appeals determined this was a matter of credibility of the witnesses and not the insufficiency of the evidence.  This finding was not an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  *See supra*, ¶ 32 (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979)).

35. Petitioner also argued on appeal that his conviction should be overturned because there was no physical evidence of the crimes.  The Court of Appeals found that

the evidence adduced at trial -- the victim's testimony and the Petitioner''s confession -- were sufficient to support the conviction. In *State v. Altgllbers*, 786 P.2d 680 (N.M. Ct. App. 1989), *cert. denied*, 785 P.2d 1038 (1990) the court stated that the victims' testimony which gave specific accounts of the CSP was competent, even though they could not provide specific dates. *Id.* at 698. "We uphold the verdict on each count because the evidence could convince a reasonable person beyond a reasonable doubt that defendant committed the charged offense during the alleged period." *Id.*

36.  And, as noted by the Tenth Circuit Court of Appeals, "evidence is not necessarily insufficient merely because of contradictory or incredible testimony." *United States v. Harris*, 940 F.2d 1539, *3 (10th Cir. 1991) (unpublished opinion) (citing *United States v. Vigil*, 743 F.2d 751, 753 (10th Cir.), *cert. denied*, 469 U.S. 1090 (1984)). The *Harris* court noted that just because a victim told one investigator details left out of another statement did not make the statements inconsistent. *Id.* Similarly, the victim's telling her mother that nothing happened did not make the evidence insufficient. *Id.* The issue for the jury, when faced with contradictory evidence is to determine which witnesses are credible. As noted previously, the jury had the victim's testimony, Petitioner's videotaped confession, and Petitioner''s live testimony at trial. This evidence is sufficient.

## Recommended Disposition

I recommend that Petitioner's Motion to Dismiss Unexhausted Claims [Doc. 19] be granted; and that the petition for writ of habeas corpus be denied; and that this case be

dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge